UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | | |
|---|---|---|
| IN RE: | CARMEM A. ALVARADO, | Case No. 06-32923-KRH |
| | Debtor. | Chapter 7 |
| IN RE: | DIANE L. COLLINS, | Case No. 06-32925-KRH |
| | Debtor. | Chapter 7 |
| IN RE: | DONNA LYNN COURTNEY, | Case No. 06-32922-KRH |
| | Debtor. | Chapter 7 |

_____

OFFICE OF THE UNITED STATES TRUSTEE,

        Movant,

v.                                                                                                  Contested Matter

OWAIIAN M. JONES,

        Respondent.

_____

## **MEMORANDUM OPINION**

This proceeding presents the court with the unfortunate task of protecting the public from the unqualified practice of a profession imbued with great public trust. It results from the Court's order of November 28, 2006, directing Owaiian M. Jones ("Mr. Jones") to appear before the Court on December 13, 2006, to show cause why he should not be held in contempt for his failure to pay in a timely manner filing fees that he had collected pre-petition from the Debtor and, additionally, for his failure to take any steps to remedy the situation in a timely fashion.[1]

---

[1] Mr. Jones filed these three cases separately for unrelated clients at approximately the same time. The three cases present similar facts and issues  At the conclusion of the hearing in the *Alvarado* case, the parties stipulated that the facts presented to the Court for consideration in that case were identical to the facts in each of the two other cases.

The Court has jurisdiction over the parties and the subject matter of this proceeding pursuant to 28 U.S.C. §1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

Carman A. Alvarado (the "Debtor") filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), on October 20, 2006. With two exceptions not applicable in this case, every petition must be accompanied by a filing fee as prescribed by the Judicial Conference of the United States under 28 U.S.C. § 1930. The fee is payable to the clerk upon the commencement of the bankruptcy case. Fed. R. Bankr. P. 1006(a). Pursuant to the administrative procedures for filing, signing, retaining and verification of pleadings and papers in the Court's Case Management/Electronic Case Filing system ("CM/ECF")[2], registered participants must pay the required fee electronically via the internet by means of on-line credit card payments.[3] The clerk is <u>not</u> authorized to reject a petition that is not accompanied by the proper filing fee. The petition must be accepted as filed and the case is commenced even if the fee is not paid. The clerk thereafter issues a notice for the need to cure the filing fee deficiency. If the fee is not paid by the close of business on the next business day after the notice to cure is given, only then will the clerk dismiss the petition. Local Rule 1006-3(c). The clerk may give the notice of a need to cure the filing fee deficiency personally, electronically, telephonically or by mail. The notice period commences for personal, electronic and telephonic notice when the notice is given. *Id*.

The petition in this case was filed without payment of the filing fee. The Court's records indicate that notice to cure the filing deficiency was issued by the clerk's office electronically on

---

Accordingly, the Court's findings of fact and conclusions of law shall apply equally to all three. Separate orders shall issue in each.

[2] Exhibit to Standing Order No. 06-1 entered February 16, 2006.

[3] Fee payments are made in accordance with the On-line Card Processing Procedures set forth in the "Users' Guides" link to the Court's website at http://www.vaeb.uscourts.gov/ecfnew/ecf.htm.

2

October 23, 2006.[4]    The notice stated that "failure to provide payment, or the appropriate application as set forth under voluntary/involuntary petitions, by 4:00 p.m. on the business day following this notice will result in the … bankruptcy case being dismissed."  The Court's records reflect that, in addition to the electronic notice that was given, the clerk's office also gave telephonic notice to cure the filing deficiency to Mr. Jones on the same day.  Unfortunately, Mr. Jones neglected to respond to either notice.  The filing fee was not paid within the requisite grace period provided by the Court, and an order was entered on October 26, 2006, dismissing the case for failure to cure the filing fee deficiency.[5]  Notice of dismissal was served electronically on Mr. Jones on October 27, 2006, and it was served by first class mail on the Debtor on October 28, 2006.

The Office of the U. S. Trustee filed its motion for an order to show cause on November 16, 2006.[6]  According to the Office of the U. S. Trustee, the first indication that the Debtor received that anything was amiss in her case was the receipt of the notice of dismissal from the clerk's office.  The Debtor contacted the Office of the U. S. Trustee for an explanation when she was unable to reach Mr. Jones.  The Debtor was alarmed that her bankruptcy case had been dismissed because she knew that she had paid the filing fee to her attorney.  Official Form B203 – Disclosure of Compensation of Attorney for Debtor – filed by Mr. Jones with the bankruptcy petition indicated clearly that the $299 filing fee had been paid to him by the Debtor.  Mr. Jones did not file any response to the motion of the U. S. Trustee within 10 days as was permitted by

---

[4] The petition date, October 20, 2006, fell on a Friday.  While the 23rd was three days after the petition date, it was the next business day.

[5] The dismissal order required the filing fee in the amount of $299 to be paid to the clerk of the Court within 10 days of the entry of the order.  The filing fee was not paid within the 10-day period as required by the October 26, 2006 order.

[6]  The case was closed and then re-opened immediately prior to the filing of the motion by the U.S. Trustee.

the Rules of Court.[7] Based upon the unrefuted allegations of the U. S. Trustee and upon the documents in the Court's files, the Court granted the motion for an order to show cause and set an evidentiary hearing for December 13, 2006.

Mr. Jones appeared and testified on his own behalf at the hearing. Mr. Jones has been practicing law in the Commonwealth of Virginia as a licensed attorney for 20 years. He admitted that he had received from the Debtor the requisite filing fee prior to filing the Debtor's bankruptcy case. He also admitted that he did not pay that fee to the Court when he filed the Debtor's case. In all bankruptcy cases that he handles, Mr. Jones testified that it was his practice, as a registered participant in the Court's CM/ECF system, to use a credit card to pay the filing fee. Mr. Jones testified that his failure to pay the filing fee in the Debtor's case was not caused by a lack of availability on his credit card, but rather it resulted from the termination on the petition date of a paralegal who had been in his employ for eleven years. Mr. Jones testified that his paralegal had failed "inadvertently" to use the credit card to pay the filing fee when she filed the case electronically on his behalf. Mr. Jones was adamant that this was the only reason the filing fee was not timely paid when the bankruptcy petition was filed.[8]

Mr. Jones testified that he does not recall receiving the electronic deficiency notice from the clerk's office.[9] In his testimony, Mr. Jones neglected to mention the telephonic notice that he also had received from the clerk's office. Mr. Jones admitted that he was aware of the dismissal

---

[7] Mr. Jones was permitted to file a response under Local Rule 9013-1(H)(3)**(a)** within 10 days. If a response with a supporting memorandum is not timely filed, the Court may deem the opposition waived and treat the motion as conceded. Local Rule 9013-1(H)(4).

[8] The paralegal did not appear or testify at the show cause hearing. While Mr. Jones' testimony about her reason for failing to pay the filing fee was inadmissible hearsay evidence under Federal Rule of Evidence 801, the court accepts Mr. Jones explanation for the failure.

[9] Under the CM/ECF administrative procedures adopted by the Court, all registered participants are required to maintain a current and active e-mail address to receive notification in CM/ECF. Mr. Jones had the affirmative duty to retrieve and review all transmittals from the bankruptcy court.

4

of his client's case by "at least" the week after the case had been dismissed. According to Mr. Jones, in the perfect storm that ensued, he developed a "computer problem" that prevented him from paying the filing fee electronically once he became aware that the case had been dismissed. However, Mr. Jones did not contact the clerk's office, in person or by phone, either to offer explanation or to make other payment arrangements. Only after the order to show cause had been entered on the docket on November 28, 2006, was the filing fee finally paid to the clerk in this case.[10]

The Court received no explanation as to why a motion to vacate the dismissal order was not timely filed by Mr. Jones in the Debtor's bankruptcy case or why the filing fee was not tendered prior to the entry of the order to show cause. The simple solution to the dilemma that confronted Mr. Jones once he became aware that his client's case had been dismissed for his own failure to pay the filing fee would have been to file a motion to vacate the order of dismissal and to immediately pay the filing fee to the clerk. Instead of filing such a motion to vacate the dismissal order, Mr. Jones compounded the problem by instituting a new bankruptcy case for the Debtor. The new bankruptcy petition was filed on November 28, 2006. As of the commencement of the new case, the Debtor's prior bankruptcy case (this case – also filed by Mr. Jones) remained open. The Debtor thus had two bankruptcy cases pending at the same time. This apparently spawned new calls to the Office of the U.S. Trustee from Mr. Jones' client. While Mr. Jones claims that he "remembered talking" to his client "sometime prior" to filing the second bankruptcy case, he admitted that the Debtor had never come back to meet with him in his office. He admitted that he did not discuss with the Debtor any change in circumstance that may have occurred between the two filings. He admitted that he never discussed the adverse

---

[10] The Court notes that this date was well beyond the time fixed by the Court's dismissal order of Ocober 26, 2006. *See* footnote 5 at page 3 *infra*.

5

consequences his client would have on account of filing a second bankruptcy petition.[11]  Finally, he admitted that he filed the second bankruptcy petition without obtaining his client's signature on the petition.

It was apparent from Mr. Jones' testimony that he was unfamiliar with the 2005 amendments to the Bankruptcy Code.[12]  He was unaware that the automatic stay under § 362 of the Bankruptcy Code would automatically expire in the second bankruptcy case 30 days following the petition date. See 11 U.S.C. § 362(c)(3)(A).  As of the hearing, Mr. Jones had taken no affirmative action on the Debtor's behalf in the second case to extend the automatic stay.[13]  He was unaware that as a result of the 2005 amendments to § 707 of the Bankruptcy Code his signature on a petition certified that he had performed a reasonable investigation into the circumstances surrounding the filing of the petition and that he had concluded that the filing of the petition did not constitute an abuse.  He was unaware that he was required to make reasonable inquiry into the information contained in the documents filed with the Court.  11 U.S.C. § 707(b)(4)(C).[14]  The Debtor never subsequently signed the second bankruptcy petition.

---

[11] The second filing will remain on the Debtor's credit report for 10 years.  *See* 15 U.S.C § 1681c(a)(1).

[12] Bankruptcy is a highly technical practice that mandates particular expertise in order to adequately represent clients.  The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. 109-8 (BAPCPA) enacted a number of significant changes affecting individual bankruptcy cases.  It is imperative that practitioners remain abreast of statutory changes in the laws as well as of recent court decisions.

[13]  In this regard it was fortuitous that the court entered the order on the motion to show cause and scheduled the evidentiary hearing within the 30 days following the petition date in the Debtor's second case.

[14] The petition that Mr. Jones filed on behalf of the Debtor in the second case was identical in all respects to the first petition.  Being identical, it necessarily was inaccurate.  For instance, on the second page of the petition where the Debtor is required to list all prior bankruptcy cases filed within the last eight years, the prior bankruptcy filing of the Debtor was not disclosed.

It is of great concern to the Court that the Debtor may not have authorized Mr. Jones to file the second petition.[15]

The U. S. Trustee was able to show from the Court's files that this was not the first time that Mr. Jones had filed a case without paying a filing fee he had previously collected from a client. In at least two prior cases that Mr. Jones had filed within the preceding year, he had received deficiency notices from the clerk's office for failure to pay filing fees he had already collected in advance from his clients.[16]

As officers of the court, attorneys have a special responsibility for upholding the quality of justice within the judicial process.[17] Attorneys may not take this responsibility lightly. They are obligated to maintain a professional demeanor at all times. The Court depends on the veracity, integrity and competence of the attorneys that practice before it. Courts have a strong interest in insuring that a high quality of service is consistently rendered by the legal profession.

The ethical standards relating to the practice of law in this Court are the Virginia Rules of Professional Conduct. Local Rule 2090-1(I). Those Rules outline the *mandatory minimum* level of acceptable conduct for attorneys. *In re Soulisak*, 227 B.R. 77 (Bankr. E.D. Va. 1998). Bankruptcy lawyers often find themselves faced with complex ethical situations unique to the practice that call on them to apply standards that exceed the minimum for acceptable conduct.

Attorneys owe both a duty of competence and a duty of care to their clients. As a fiduciary for his client, Mr. Jones owed the most fundamental of all obligations – the duty of

---

[15] Mr. Jones testified that he, not the Debtor, paid the second filing fee and that he did not charge the Debtor any additional attorney's fee.

[16] The prior bankruptcy cases (not under consideration here) were: Lawrence Kinney, Case No. 06-31069, filed on May 4, 2006; and Paul and Julia Smith, Case No. 06-31336, filed on June 2, 2006.

[17] "A lawyer is a representative of clients … an officer of the legal system and a public citizen having special responsibility for the quality of justice." *Virginia Rules of Prof'l Conduct,* Preamble ¶ 1 (2001).

7

trust. Clients must be able to impart complete trust and confidence in their counsel. The Debtor was entirely justified in relying on Mr. Jones to timely file her petition and to simultaneously pay the filing fee she had previously delivered to him in trust. No particular expertise was required of Mr. Jones in this instance. No matter how menial these tasks may appear to be, the Debtor had the right to expect that they would be accomplished in a professional and conscientious manner. A simple attention to detail was all that was necessary. Care for a client's well being demands nothing less.[18]

Mr. Jones cannot absolve himself of these responsibilities by claiming to have delegated them to a subordinate. The Rules of professional conduct require that "a lawyer having direct supervisory authority over [a] nonlawyer shall make reasonable efforts to ensure that the person's conduct is compatible with the professional obligations of the lawyer…." *Virginia Rules of Prof'l Conduct,* 5.3(b) (2001). Mr. Jones retains the ultimate responsibility for providing competent representation to his client. *Id* at 1.1.

Counsel must effectively communicate with their clients.[19] An attorney must render candid advice and must explain matters sufficiently to enable clients to make informed decisions. Holding himself out as a "registered participant" under the Court's CM/ECF system, Mr. Jones assumed additional responsibilities to keep his client informed of court proceedings. These responsibilities included an obligation to review and to respond to electronic communications received from the clerk's office and an obligation to forward such electronically transmitted information to the Debtor. It is unconscionable that Mr. Jones' client had to learn about the

---

18 "A lawyer should act with commitment and dedication to the interests of the client." *Virginia Rules of Prof'l Conduct,* 1.3, Comment [1] (2001).

19 "A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information." *Virginia Rules of Prof'l Conduct,* Va. Sup. Ct. R. Pt. 6, §1.4.

reason for the dismissal of her case from the Office of the U. S. Trustee instead of from her lawyer. That is not the function of the Office of the U. S. Trustee. It is a function integral to the representation of one's client. No question ever should have arisen about the trouble the client had in reaching her lawyer; the question should have concerned the manifold efforts the attorney had made in attempting to reach his client. The hearing was bereft of testimony on the latter point.

In addition to the specific state rules of professional conduct, the Bankruptcy Code and Federal Rules of Bankruptcy Procedure impose specific ethical obligations on attorneys. See e.g., 11 U.S.C. § 707(b)(4)(C).[20] A case filed electronically under the Court's CM/ECF system is no different from a case filed on paper. The electronically-filed petition must comply with Local Bankruptcy Rule 5005-1(D)(1)(e), which mandates that every petition that is filed include an unsworn declaration bearing the debtor's signature. *See In re Wenk*, 296 B.R. 719, 724-25 (E.D. Va. 2002). When counsel files a petition electronically, the attorney represents to the Court that he or she has secured an originally executed petition physically signed by the debtor prior to electronically filing the case.[21] *Id*. at 725.

The second petition filed by Mr. Jones in the *Alvarado* case stated on its face that it had been signed by the Debtor under penalty of perjury. Mr. Jones admitted that this was not true. The second petition was never signed by the Debtor. Under remarkably similar facts, the Court in *In re Wenk* held:

> This amounts to fraud. The court must consider that [the attorney's] action of filing a petition electronically purporting to have debtor's signature is no different

---

[20] See discusson at 5 & 6 *infra*.

[21] The purpose of having the debtor's signature on the petition is not merely to affirm that the information contained in the petition is true and correct. . . . The debtor's signature indicates debtor's consent to the bankruptcy filing, consent which can only be given by the debtor. *In re Wenk*, 296 B.R. at 727.

9

>than [the attorney] physically forging debtor's signature and handing the petition over the counter to the clerk.

*Id.*

Rule 9011 of the Federal Rules of Bankruptcy Procedure prohibits the attorney from signing the debtor's name to the schedules or statement of affairs. Fed. R. Bankr. P. 9001. They must be signed by the Debtor as required by Rule 1008 of the Federal Rules of Bankruptcy Procedure.[22] As he did with the petition, Mr. Jones filed the schedules and statement of affairs purporting to have the Debtor's signature when he did not. To paraphrase the Court's observation in *Wenk,* logic dictates that only the Debtor can state under oath that the information provided in her bankruptcy schedules and in her statement of affairs is true and correct.

The Court finds that Mr. Jones failed to adhere to the minimum standards of conduct required by an attorney practicing in this court by failing to pay the filing fee when he filed the Debtor's original petition. Mr. Jones did not comply with the duty of care that he owed to his client when he allowed her case subsequently to be dismissed. Mr. Jones failed to effectively communicate with his client by providing information, counsel or advice when these problems arose. Mr. Jones did not take any proactive measures to remedy the problems he had created in order to protect his client's interests. Instead he chose to ignore the problem as well as his client. Faced finally with an evidentiary hearing at which he would be called upon to explain the fiasco, Mr. Jones compounded it by filing a fraudulent and unauthorized second petition. The Court finds that the resulting failures and actions impeded and disrupted the bankruptcy process and caused the Debtor harm. Accordingly, the court finds Mr. Jones to be in contempt.

The Court concludes that Mr. Jones violated 11 U.S.C. § 707(b)(4)(C). Having failed to consult with the Debtor about the second petition, Mr. Jones could not possibly have made the

---

[22] Rule 1008 requires that the schedules and statement of financial affairs shall be verified or contain an unsworn declaration as provided in 28 U.S.C. § 1746. Fed. R. Bankr. P. 1008.

10

reasonable inquiry that was necessary about the information contained in the documents he filed with the Court. The Court concludes that Mr. Jones violated Rule 9011 of the Federal Rules of Bankruptcy Procedure. Mr. Jones could not have had a belief that filing the second petition without the Debtor's signature and without the requisite authorization was proper or warranted under existing law. Finally, the court concludes that Mr. Jones violated numerous of the Virginia Rules of Professional Conduct.

These violations are sanctionable under the equitable power granted to the court under 11 U.S.C. § 105. Additionally, Rule 9011(c)(2) of the Federal Rules of Bankruptcy Procedure gives the court broad discretion in imposing sanctions. The sanction requested by the Office of the U. S. Trustee was that Mr. Jones be prohibited from practicing in this Court for a period of time and that during that period, Mr. Jones obtain continuing legal education with regard to BAPCPA and his ethical obligations under the Virginia Rules of Professional Conduct. The court will impose an appropriate sanction.

ENTERED: _____.

                   /s/ Kevin R. Huennekens
                UNITED STATES BANKRUPTCY JUDGE

Copies to:

**Owaiian M. Jones**
Law Offices of Owaiian M. Jones
Post Office Box 8320
Fredericksburg, VA 22404-8320

**Corey Poindexter**
Law Offices of Owaiian M. Jones
Post Office Box 8320
Fredericksburg, VA 22404-8320

**Roy M. Terry, Jr.**
DurretteBradshaw, P.L.C.
P.O. Box 2188
Richmond, VA 23218-2188

**Robert E. Hyman**
P.O. Box 1780
Richmond, VA 23218-1780

**Carmen A Alvarado**
7004 Soulier Lane
Fredericksburg, VA 22407

**Diane L. Collins**
3700 Lee Hill Village Circle
Fredericksburg, VA 22408

**Donna Lynn Courtney**
6605 Prospect Street
Fredericksburg, VA 22407